UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PEARL ROBINSON,

                        Plaintiff,                     **MEMORANDUM & ORDER**

    -against-                                      08-CV-2448 (NGG)

IBM CORPORATE and
LENOVO PARTNERSHIP,

                        Defendants.
-------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

        Pro se Plaintiff Pearl Robinson ("Plaintiff" or "Robinson") brought this action alleging that Defendants IBM Corporate and Lenovo Partnership (collectively, "Defendants") were responsible for having broken her computer. She sought financial remuneration for the computer. By Memorandum and Order dated June 26, 2008 ("June 26, 2008 M&O"), the court dismissed Plaintiff's Complaint for lack of subject-matter jurisdiction, Fed. R. Civ. P. 12(h)(3), and for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B). By motion dated July 7, 2008, Plaintiff asks the court to "reconsider the matter to amend complaint." (Docket Entry # 4.)

        Although it is not specifically drafted as such, the court will treat Petitioner's letter as a motion for reconsideration under Rule 60(b)(1), allowing relief from a final judgment where the judgment was the result of "mistake, inadvertence, surprise or excusable neglect," and Rule 60(b)(6), which permits reconsideration for "any other reason justifying relief from the operation of the judgment." See Rule 60(b)(1), (6). A motion under Rule 60(b) "cannot serve as an attempt to relitigate the merits" of a prior decision. Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir. 1989). Motions for reconsideration of a final judgment are "generally not favored," and are "properly granted only upon a showing of exceptional circumstances." Pichardo v.

Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (quoting United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001)). The burden of proof is on the party seeking relief from the judgment. Id.

Furthermore, under Local Civil Rule 6.3, a party may move for reconsideration of a motion by "setting forth concisely the matters or controlling decisions which [it] believes the court has overlooked." However, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The applicable standard is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the court." Lykes Pasco v. Ahava Dairy Prods. Corp., No. 97-CV-0652, 1998 WL 427570, at *3 (E.D.N.Y. Jan. 26, 1998) (internal quotations omitted).

I find that Petitioner has failed to satisfy her burden to show that the Complaint raises any issue of federal law that could confer subject-matter or diversity jurisdiction upon this court, that any of the background facts outlined in my June 26, 2008 M&O were inaccurate, or that the court

abused its discretion in dismissing her Complaint. Furthermore, in her motion for reconsideration, Plaintiff fails to bring to this court's attention any fact or controlling precedent that would call for me to rule differently.

For these reasons, Petitioner's motion for reconsideration is denied.

SO ORDERED.

Dated: July 10, 2008                                 /s Nicholas G. Garaufis
Brooklyn, New York                           NICHOLAS G. GARAUFIS
                                                     United States District Judge